(March 23, 1938.)

The People of the State of New York, Respondent, v. Clemence Buchanan, Alias Clement Buchanan, Appellant.— Motion to argue or submit appeal on typewritten record and brief granted. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

The People of the State of New York ex rel. Mortimer Elliott, Relator, Appellant, v. Joseph H. Wilson, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.— Motion for leave to appeal on original record and hand-written brief denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

Genevieve Hennessy, as Administratrix, etc., of William Hennessy, Deceased, Respondent, v. John H. Walker, Defendant; Niagara Freight Lines, Inc., Appellant, and Charles W. Peck, Defendant. David Robertson, by Marie V. Robertson, His Guardian ad Litem, Respondent, v. John H. Walker, Defendant; Niagara Freight Lines, Inc., Appellant, and Charles W. Peck, Defendant. Ralph D. Robertson, Respondent, v. John H. Walker, Defendant; Niagara Freight Lines, Inc., Appellant, and Charles W. Peck, Defendant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

Mollie Eagle, Appellant, v. Benjamin Cherney and Samuel H. Berger, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Judicial Settlement of the Accounts of A. A. Armitage, Executor, etc., of Perry A. Hull, Deceased.— Appeal from a decree of the Surrogate's Court of Rensselaer county, made and entered on October 1, 1937, allowing a claim of $500 and interest filed by William H. Hull, a brother of decedent. The claim was based upon a promissory note executed and delivered by decedent to claimant sometime before his death. The representative of the estate set up the defenses of forgery and failure of consideration. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of Department of Taxation and Finance Arising Out of the Death of John Haggerty, Respondent, against Marion DeParma and Ætna Life Insurance Company, Appellants. State Industrial Board, Respondent.— Appeal from an award of the State Industrial Board noticed on April 27, 1937, and from decisions noticed on July 2 and August 3, 1937, affirming such award. The deceased was an employee, one of whose duties was to wash windows. This was commonly done on Saturday. The accident was unwitnessed. The decedent was found on the sidewalk under a window, on the sill of which rested his wash pail and equipment for washing windows. There is no question but that the decedent fell from the window where the pail was resting. The claim was contested on the ground that the decedent disobeyed the order of the manager of the employer when he started to wash the windows on the Saturday on which he was injured. The employer's first notice of injury signed by the owner of the premises, who was not present at the time of the accident, stated, " disobeyed orders." The employer's first notice made four days later and signed by the manager who was supposed to have given the order contained no such statement.